# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

―――――

No. 15-50258
Summary Calendar

―――――

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2017

Lyle W. Cayce
Clerk

MICHAEL S. ALEXANDER,

Plaintiff-Appellant

v.

SHERIFF GREG HAMILTON; DEPUTY PARKER; SERGEANT HARRISON;
DEPUTY BURKHART,

Defendants-Appellees

―――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-654

―――――――――――――――

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Michael S. Alexander, Texas prisoner # 1929892, filed a pro se civil-rights lawsuit under 42 U.S.C. § 1983 against four employees at the Travis County Correctional Complex (TCCC) regarding two incidents that occurred while he was held there as a pretrial detainee. He now appeals from the district court's grant of summary judgment to the defendants and dismissal of

―――――――――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50258

his claims with prejudice.  He also requests appointment of counsel on appeal. His motion for appointment of counsel is DENIED.

On appeal, Alexander argues that (1) Sheriff Greg Hamilton was liable for his failure to supervise the other prison officials adequately, (2) TCCC's custom and policy caused the alleged violations, (3) Deputy Burkhart and Deputy Parker retaliated against him, (4) the defendants' refusal to permit him to shower for five days created unconstitutional conditions of confinement, and (5) Deputy Burkhart and Deputy Parker used excessive force against him.

To the extent that Alexander sued the defendants in their official capacities, we treat those claims as a suit against Travis County.  Similarly, Alexander's suit against Hamilton is based on his role as a supervisory official and not based on Hamilton's personal involvement in the alleged violations. Due to Alexander's failure to provide any specific facts showing that an official custom or policy caused the alleged constitutional violations, he cannot establish liability for either Travis County or Hamilton.  *See James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

Alexander's retaliation claim fails due to the lack of direct evidence of retaliatory motive or a chronology of events from which retaliation could plausibly be inferred.  *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Similarly, Alexander's claim regarding his alleged inability to shower for five days fails because he has not shown that any of the defendants acted with deliberate indifference in that regard.  *See Hare v. City of Corinth*, 74 F.3d 633, 647-48 (5th Cir. 1996).  Moreover, examination of the summary-judgment evidence shows that Alexander cannot show that any of the defendants used excessive force under the circumstances in either of the incidents at issue.  *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-74 (2015).

Accordingly, the district court's judgment is AFFIRMED.